IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

                            Plaintiff,                         OPINION & ORDER

        v.                                                     12-cv-720-wmc

ONE 2005 JEEP CHEROKEE LIMITED,
VIN: 1J4HR58N05C688491,

                            Defendant.

In this civil action *in rem*, plaintiff United States of America seeks forfeiture of defendant, a 2005 Jeep Cherokee, pursuant to 21 U.S.C. § 881(a)(4). The government has moved for summary judgment, which is unopposed. (Dkt. #16.) The court finds that plaintiff has met its burden of demonstrating a substantial connection between the defendant property and the underlying criminal activity. Accordingly, the court will grant plaintiff's motion and enter judgment in its favor.

UNDISPUTED FACTS

## I. Underlying Criminal Activity and Connection to Defendant Vehicle

On April 9, 2012, Jon Wisch bough cocaine from Christopher Marx in a controlled buy. Marx arrived at the exchange location driving a white Jeep Cherokee. After making the purchase, Wisch drove to the Janesville Police Department and turned 1.2 grams cocaine over to an officer. On April 16, 2012, Wisch again bought cocaine from Marx in a controlled buy. The transaction occurred in the same white Jeep

Cherokee.  Again, after making the purchase, Wisch turned 1.8 grams of cocaine over to a Janesville police officer.

On April 24, 2012, Officer Drew Severson was conducting surveillance on Marx. Severson witnessed Marx driving the same white Jeep Cherokee to Lustig Park where Marx parked the Jeep.  Later that day, Wisch drove to Lustig Park and purchased cocaine from Marx.  Wisch then turned over another 1.8 grams of cocaine to the Janesville police.

On April 30, 2012, Officer Drew Severson conducted a traffic stop and arrested Marx.  Marx was driving the same white Jeep Cherokee at that time.  Severson located 1.1 grams of cocaine in Marx's possession during the search incident to arrest.

## II. Procedural Posture

The government filed its complaint on October 4, 2012, seeking forfeiture of the 2005 Jeep Cherokee by the defendant pursuant to 21 U.S.C. § 881(a)(4).  Notice of this action was served on all interested persons known to the government.  In particular, Christopher Marx was provided notice through his attorney, Phillip Brehm, by certified mail on November 28, 2012.  Wells Fargo, which held an interest in the defendant vehicle, was also provided notice by certified mail on November 28, 2012.[1]  The defendant vehicle itself was provided notice on November 30, 2012.

---

[1] On January 29, 2013, the court entered an order approving a settlement agreement with Wells Fargo.  (Dkt. #11.)

Christopher Marx filed an answer on December 13, 2012 (dkt. #7), but did not file a claim as required by Federal Rules of Civil Procedure, Supplemental Rule G,[2] nor did he oppose the government's motion for summary judgment.

OPINION[3]

Title 21 U.S.C. § 881 provides for forfeiture of certain classes of property which are used or intended to be used to commit or facilitate a violation of the federal drug laws.  Section 881(a)(4) provides in pertinent part:

> (a) Subject property
>
> The following shall be subject to forfeiture to the United States and no property right shall exist in them:
>
> . . .
>
> (4) All conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property described in paragraph (1), (2), or (9).

As appears to be the case here, the government may institute a civil forfeiture action against the defendant property without first obtaining a conviction.  29 James

---

[2] The procedural requirement that a claim be verified is a threshold standing issue.  *See United States v. Commodity Account No. 549 54930 at Saul Stone & Co.*, 219 F.3d 595, 597 (7th Cir. 2000).  As such, it does not appear that Marx has standing to pursue any claim to the subject property and, therefore, even absent plaintiff's filing of its motion for summary judgment, default judgment would likely be warranted.  *See, e.g., United States v. One Kenworth Tractor*, C.A. No. C-06-536, 2007 WL 1467085, at *3 (S.D. Tex. May 15, 2007) (entering default judgment because of claimant's failure to file verified claim).

[3] The court has subject matter jurisdiction pursuant to 28 U.S.C. § 1345 and §1355.  Venue is proper pursuant to 28 U.S.C. § 1395 and 21 U.S.C. §881(j).

Wm. Moore, *Moore's Fed. Practice* § 711.02 (3d ed. 2013) (citing *United States v. Daccarett*, 6 F.3d 37, 43 (2d Cir. 1993); *United States v. $1,133,648.97 Seized from Bank of Hawaii*, 2008 U.S. Dist. LEXIS 19191, at *6 (D. Haw. Mar. 11, 2008)).

To prevail in a forfeiture action under § 881(a), the government must demonstrate by a preponderance of the evidence that a substantial connection exists between the property and the underlying criminal activity.   18 U.S.C.A. § 983(c)(3) ("[I]f the Government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense, the Government shall establish that there was a substantial connection between the property and the offense.").   Once the government makes the necessary showing, the burden shifts to the claimant to prove, by a preponderance of the evidence, that there was no such connection or that he or she was an "innocent owner." *United States v. 5 S. Tuthill Road*, 233 F.3d 1017, 1024-25 (7th Cir. 2000); *United States v. 1948 South Martin Luther King Dr.*, 270 F.3d 1102, 1111 (7th Cir. 2001).

The government has submitted declaration from Jon Wisch and officers with the Janesville Police Department attesting to Marx's criminal activity and the use of the defendant vehicle in facilitating that activity.   (*See* dkt. ##19-24.)   This evidence is sufficient to demonstrate a substantial connection between Marx's activity and the defendant vehicle.   Moreover, Marx failed to come forward with evidence rebutting plaintiff's case or otherwise demonstrating that he was an innocent owner of the defendant vehicle. *See, e.g., United States v. One 2001 Mercedes Benz ML 320*, 668 F. Supp.

2d 1132, 1135 (E.D. Wis. 2009) (granting judgment to the government and ordering forfeiture of vehicle used in the sale of marijuana).

Accordingly,

ORDER

IT IS ORDERED that

1) Plaintiff United States of America's motion for summary judgment (dkt. #16) is GRANTED; and

2) The clerk of the court is directed to enter judgment in favor of plaintiff and close this case.

Entered this 9th day of December, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge